ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: c.kuhner@kornfieldlaw.com

Attorneys for John T. Kendall, Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>HOWARD C. HOLT and PATRICIA HOLT,<br><br>Debtors. | Case No. 12-43839 WJL<br><br>Chapter 7<br><br>**MOTION TO COMPEL DEBTORS TO TURNOVER PROPERTY OF THE ESTATE**<br><br>Date: May 8, 2013<br>Time: 10:30 a.m.<br>Ctrm: 220<br>      U.S. Bankruptcy Court<br>      1300 Clay Street<br>      Oakland, CA 94612 |

John T. Kendall, Chapter 7 Trustee of the bankruptcy estate of Howard C. Holt and Patricia Holt (the "Trustee"), hereby moves the Court for an order compelling the debtors to turnover property of the estate consisting of non-exempt funds in the amount of $12,685.59.

This motion is made pursuant to 11 U.S.C. §§ 541 and 542. The grounds for the motion are set forth below.

### I.     FACTUAL BACKGROUND

1. Howard C. Holt and Patricia Holt (the "Debtors") filed a Voluntary Chapter 7 bankruptcy petition on May 1, 2012.

///

Motion to Compel Debtors to Turnover Property of the Estate     -1-

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

2. The Debtors, on Schedule B of the Schedules filed in connection with their bankruptcy case, listed a Morgan Stanley Pension account having a balance of $15,000.00 (the "Morgan Stanley Account"). The Debtors also claimed the Morgan Stanley Account exempt pursuant to C.C.P. § 703.140(b)(10)(E) in the amount of $15,000.00.

3. The Trustee timely filed an objection to the Debtors' claim of exemption in the Morgan Stanley Account.

4. The Debtors turned over to the Trustee the account statements for the Morgan Stanley Account which shows that the Morgan Stanley Account is not a pension account nor a retirement account. The bank statements for the Morgan Stanley Account show that the account had a balance on the date of filing by the Debtors of $21,458.35.

5. The Trustee, through counsel, made demand upon the Debtors to turnover the money in the Morgan Stanley Account in the amount of $21,458.35 which was the amount of money in the account on the date of filing. In response to the Trustee's demand, the Debtors turned over the sum of $8,772.76, leaving a balance of $12,685.59 which has not been turned over to the Trustee.

6. The Trustee has made repeated demands for the turnover of the remaining balance of $12,685.59, but to date, the Debtors have failed to turnover the money.

7. The Trustee, on November 1, 2012, obtained an order for the Debtors to appear for their 2004 examinations. At the 2004 examination of Patricia Holt, Ms. Holt testified that a portion of the monies in the Morgan Stanley Account were used to purchase a replacement vehicle for their son. The monies which have not been turned over to the Trustee were used to buy a Mercedes GL350 automobile for their son.

## II. LEGAL ARGUMENT

**A. The Monies in the Morgan Stanley Account on the Date of Filing are Property of Estate and the Debtors Should be Compelled to Turn the Monies Over to the Trustee.**

The monies in the Morgan Stanley Account on the date of the filing are property of the bankruptcy estate. 11 U.S.C. § 541 defines property of the estate. Said section provides, in pertinent part:

> (a) The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

Once the bankruptcy petition is filed, all of the debtor's property interests and property under state law become property of the estate (subject to the debtor's right to claim certain property as exempt). *Schwab v. Reilly,* 130 S.Ct. 2652, 2657 (2010).

In the present case, it is without question that the monies in the Morgan Stanley Account on the date of filing were property of the estate pursuant to 11 U.S.C. § 541. The Debtors have not disputed this fact and in fact have partially honored the Trustee's demand for turnover of the funds in the Morgan Stanley Account. The problem is, that the Debtors have failed to turnover <u>all</u> of the money that was in the Morgan Stanley Account on the date of filing of the bankruptcy case. The Debtors still need to turnover to the estate to the Trustee the sum of $12,685.59, and despite repeated demands for turnover of said sum, the Debtors have failed and refused to do so.

Examination of Patricia Holt was taken pursuant to F.R.B.P. 2004. Ms. Holt testified that a portion of the money in the Morgan Stanley Account was used to purchase a Mercedes GL350 which is used by the Debtors' son.

**B. Since the Money in the Morgan Stanley Account on the Date of Filing Was Property of the Estate, the Debtors are Obligated to Turn Said Monies Over to the Trustee.**

As a starting point, as Debtors, the Debtors have the duties as set forth in 11 U.S.C. § 521. Among the duties enunciated in said section, it is the duty of the debtor(s) to cooperate with the trustee. Said cooperation includes turning over the property of the estate to the trustee.

Further, pursuant to 11 U.S.C. § 542, the Debtors are obligated to turnover the monies which were in the Morgan Stanley Account on the date of filing. As set forth above, the Debtors have failed to turnover the remaining $12,685.59 which was in the Morgan Stanley Account on the date of filing. Alternatively, the Court should order the turnover of the Mercedes GL350

Motion to Compel Debtors to Turnover Property of the Estate -3-

Automobile.

### III. CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order requiring the Debtors to turnover to the Trustee the sum of $12,685.59 representing the remaining balance of the monies which were in the Morgan Stanley Account on the date of filing or, order the turnover of the Mercedes GL 350 Automobile.

Dated: April 8, 2013				KORNFIELD, NYBERG, BENDES & KUHNER, P.C.

By:/s/ Eric A. Nyberg
(Bar No. 131105)
Attorneys for John T. Kendall, Trustee

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Motion to Compel Debtors to Turnover Property of the Estate			-4-

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 225, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes & Kuhner, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 9, 2013, I served the following documents:

**MOTION TO COMPEL DEBTORS TO TURNOVER PROPERTY OF THE ESTATE;**

**DECLARATION OF JOHN T. KENDALL IN SUPPORT OF MOTION TO COMPEL DEBTORS TO TURNOVER PROPERTY OF THE ESTATE; AND**

**NOTICE OF HEARING ON MOTION TO COMPEL DEBTORS TO TURNOVER PROPERTY OF THE ESTATE**

by placing copies of said documents in a sealed envelope and served in the manner described below addressed as follows:

| | |
|---|---|
| U.S. Trustee<br>1301 Clay Street, Suite 690N<br>Oakland, CA 94612 | David Ashley Smyth<br>Smyth Law Offices<br>3478 Buskirk Avenue, #1000<br>Pleasant Hill, CA 94523-4378 |
| Howard and Patricia Holt<br>127 Midship Drive<br>Hercules, CA 94547-2084 | |

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of April, 2013 at Oakland, California.

/s/ Gail A. Michael